PATRICK F. REHILL ET UX., PROSECUTORS, v. THE MAYOR AND ALDERMEN OF JERSEY CITY.

Argued November 6, 1903—Decided June 13, 1904.

A valid contract not existing between Jersey City and the Town of Harrison for the supply of that town with water by Jersey City, the resolution of July 28th, 1903, authorizing the construction of a pipe from the junction of Kearny avenue and Belleville turnpike to Kingsland for that purpose, was without authority and void.

On *certiorari.*

Before Justices FORT and PITNEY.

For the prosecutor, *Collins & Corbin.*

For the defendant, *George L. Record.*

The opinion of the court was delivered by

FORT, J. The writ in this case brings up a resolution of the board of street and water commissioners of Jersey City, passed July 28th, 1903. The resolution authorizes the letting of a contract for the laying of a water-pipe from a point near the junction of Kearny avenue and Belleville turnpike to a connection with the new water main built for Jersey City at a point at or near Kingsland. The resolution recites that the advisability of laying said pipe at once is an exigency or an emergency within the meaning of chapter 168 of the laws of 1899, and that such exigency is hereby declared to exist, and then it proceeds; now, therefore

*"Resolved,* That the committee on pumping and reservoirs of this board, together with the chief engineer of this board, be and they are hereby authorized and instructed to lay the necessary pipe from the junction of Kearny avenue and the Belleville turnpike to a point of connection with the new water main of Jersey City, at or near Kingsland, as quickly

as possible, and to that end they are authorized and empowered to procure such pipe and make such contract as it may be necessary to procure and make without advertisement therefor, pending the preparation of specifications and the reception of bids therefor."

The undisputed facts of the case seem to be that Jersey City, in 1885, entered into a contract to supply Harrison, in Hudson county, with water; that that contract ran for ten years; that it was never renewed, but that water has been continued to be delivered under it by Jersey City, at the same terms, up to the date of the passage of the resolution brought up.

That prior to 1897 the water was delivered from the Jersey City supply, taken from the Passaic river. In 1897, Jersey City, under contract with the East Jersey Water Company, began to receive a temporary supply of water. This supply did not come from the Passaic, opposite Belleville, but it was furnished through the water mains of Jersey City, which formerly conducted the water from the Belleville supply to Jersey City, hence, from this temporary supply, Jersey City continued to supply Harrison, as had been done prior to 1897.

On July 8th, 1903, the East Jersey Water Company notified Jersey City that thereafter all deliveries of the temporary supply would be made through a new main, constructed by the Jersey City Water Supply Company pursuant to contract, thus cutting off the supply to Harrison through the old main, running from the Passaic opposite Belleville.

In this extremity Jersey City agreed with Harrison upon the terms of a new contract on July 10th, 1903. This contract was executed by Jersey City and authorized by the council of the town of Harrison, but was never executed by the town officials. In order for Jersey City to fulfill the contract of July 10th, 1903, the resolution of July 28th, 1903, above referred to, was passed for the purpose of making a connection with the temporary supply-pipe at or near Kingsland.

The cost of the proposed connection is estimated at $80,000. It is contended:

*First.* That no emergency existed within chapter 168 of the act of 1899, justifying the board of street and water commissioners in proceeding to do the work without putting it out by contract to the lowest bidder; and,

*Second.* That Jersey City was without power to make the contract with Harrison for the water in question, it having the right to take only for its own use under its contract for a temporary supply with the East Jersey Water Company; and,

*Third.* That at the time the resolution was passed no contract actually existed to furnish Harrison with water, even if Jersey City had the right to make one.

We think the second and third reasons are fatal. *Water Commissioners of Jersey City* v. *Brown,* 3 *Vroom* 504.

Since 1895, Jersey City has had no contract with Harrison which either it or Harrison could enforce. The agreement for a temporary water-supply between Jersey City and the East Jersey Water Company is for a supply for the inhabitants of Jersey City. It would be difficult to see how the contract could be construed to authorize Jersey City to require the East Jersey Water Company to supply water to other municipalities to whom Jersey City might sell.

Jersey City was under no legal obligation requiring it to lay pipe, directed to be laid by the resolution of July 28th, 1903, nor had it any authority—that we have been able to find—which would authorize it to order it laid and contract therefor for the purpose of conveying the water of the East Jersey Water Company to the town of Harrison.

If there had been legal authority for the contract in question, and it had been legally made, we incline to think that there would have been a condition where it was within the power of the authorities to determine that an emergency existed pursuant to statute.

Since the argument of this cause, in a direct proceeding to review the action of the town of Harrison in making the con-

tract under which it is alleged the emergency in this case arose, this court has held that the contract, attempted to be made by the resolution of the town of Harrison of July 10th, 1903, was never consummated. *Jersey City* v. *Town of Harrison, ante p.* 69; *Matthews* v. *Town of Harrison, ante p.* 69.

The resolution brought up by the court will be set aside.